IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LINDA SONDESKY**<br>9 Hickory Lane<br>Levittown, PA 19055 | NO. _____ |
| *Plaintiff,* | CIVIL ACTION |
| vs. | JURY TRIAL DEMANDED |
| **CHERRY SCAFFOLDING INC.**<br>3933 Bristol Pike<br>Bensalem, PA 19020 | |
| -and- | |
| **STEPHEN ELLIS**<br>3933 Bristol Pike<br>Bensalem, PA 19020 | |
| *Defendants.* | |

## COMPLAINT

Plaintiff, by and through undersigned counsel, hereby files the following Complaint against each Defendant:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for wage violations pursuant to the Fair Labor Standards Act ("FLSA"), the Pennsylvania Wage Collection and Payment Law ("WPCL") and other applicable law.

### JURISDICTION and VENUE

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. The Court may properly maintain personal jurisdiction over each Defendant because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over them to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

5. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

6. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1) and 1391(b)(2) because Defendants are located in and conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the unlawful actions set forth herein).

## PARTIES

7. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8. Plaintiff, Linda Sondesky ("Plaintiff"), is an adult individual residing at the above address.

9. Defendant, Cherry Scaffolding Inc. ("Cherry") is believed to be incorporated pursuant to the laws of the Commonwealth of Pennsylvania with a principal place of business at the above captioned address.

10. Defendant, Stephen Ellis ("Metzger") is an adult individual believed to be residing at the above-captioned address.

11. Upon information and belief, Ellis is the President and/or Treasurer of Cherry.

12. Upon information and belief, each Defendant had knowledge of, committed and permitted the practices and policies complained of herein.

## FACTUAL BACKGROUND

13. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

14. Plaintiff was last employed by Cherry as a full-time bookkeeper from approximately October 22, 2015 until March 7, 2016 when she unlawfully terminated.

15. Plaintiff's rate of pay on her last day of work was $28.85 per an hour.

16. Plaintiff was not a management employee.

17. Plaintiff was not exempt from any laws governing payment for overtime hours.

18. Plaintiff adjusted her hourly rate for overtime and other hours and submitted the information for approval by Cherry's management.

19. Cherry's management, which upon includes Ellis, approved payment to the Plaintiff for all compensation.

20. Specifically, Plaintiff had a telephonic conversation with Ellis wherein she explained that because the office was in such disarray, she needed to be paid for hours that she was actually putting in as the bookkeeper.

3

21. Ellis told Plaintiff that he understood.

22. Plaintiff would submit all of her hours, including overtime hours, to payroll without incident.

23. On or about March 2, 2016, Defendants terminated Plaintiff without a specific reason.

24. In an act of further retaliation for trying to be paid fair wages, Cherry filed a lawsuit against Plaintiff in Pennsylvania Magisterial District Court 07-1-01 at Docket No. MJ-07101-CV-0000069-2016 ("the MDJ suit").

25. In the MDJ suit, Cherry essentially tried to accuse Plaintiff of "stealing" overtime.

26. Judgment was found in favor of the Plaintiff in the MDJ suit and the judgment there is applicable to the instant suit by the doctrines of collateral estoppel and/or *res judicata* insofar as Cherry did not take an appeal to the Court of Common Pleas.

## COUNT I
### Retaliation for Complaining of Wage Violations
### Fair Labor Standards Act ("FLSA") 29 U.S.C. §201 et seq.
#### *Against All Defendants*

27. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

28. Each Defendant retaliated against Plaintiff for engaging in "protected activity" in violation of the FLSA.

29. Plaintiff has suffered damages as a result of Defendant's conduct.

## COUNT II
### Pennsylvania Wage Payment and Collection Law
#### *Against All Defendants*

30. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

31. Each Defendant's conduct also violates the WPCL.

32. Plaintiff has suffered damages as a result of Defendant's conduct.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment in his favor and against each Defendant for the following relief:

a. Relief sought for each Count referenced herein.

b. Compensatory damages as available as a matter of law.

c. Injunctive and declaratory relief as available as a matter of law.

d. Liquidated damages as available as a matter of law.

e. Punitive damages as available as a matter of law.

f. Costs, disbursements and attorneys' fees' as available as a matter of law.

g. Such other and further relief as this Court deems just and proper;

Respectfully submitted,

KOLMAN ELY, P.C.

/s/ W. Charles Sipio
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138

*Attorney for Plaintiff*

Dated: October 31, 2016

5