IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA SONDESKY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 16-5667 |
| v. | : | |
| | : | |
| CHERRY SCAFFOLDING, INC., | : | |
| et al., | : | |
| Defendants. | : | |

September 5, 2017                                                                                          Anita B. Brody, J.

## **MEMORANDUM**

Plaintiff Linda Sondesky brings suit against Defendants Cherry Scaffolding, Inc. ("Cherry Scaffolding") and Stephen Ellis. Sondesky asserts claims under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Wage Payment and Collection Law ("WPCL") against all Defendants. First Am. Compl. 4-5, ECF No. 12. In addition, Sondesky asserts Dragonetti Act and common law abuse of process claims against Cherry Scaffolding only. *Id.* at 5. Cherry Scaffolding asserts counterclaims against Sondesky for conversion and breach of fiduciary duty.[1] Defs.' Answer and Countercl. 12-16, ECF No. 31.

Defendants have moved to dismiss Plaintiff's First Amended Complaint for failure to state a claim and have also moved for judgment on the pleadings as to all counts of Plaintiff's First Amended Complaint. Defs.' Mot. Dismiss, ECF No. 15; Defs.' Mot. J. Pleadings, ECF No. 38. Plaintiff has moved for judgment on the pleadings as to Cherry Scaffolding's counterclaims. Pl.'s Mot. J. Pleadings, ECF No. 34. I will grant Defendants' motion to dismiss Sondesky's

---

[1] I exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because Count I of Sondesky's Amended Complaint asserts a claim arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. I exercise supplemental jurisdiction over Sondesky's Pennsylvania state law claims and Cherry Scaffolding's counterclaims pursuant to 28 U.S.C. § 1367.

1

WPCL claim and her abuse of process claim.  I will deny Defendants' motion to dismiss Sondesky's FLSA and Dragonetti Act claims.  I will deny both parties' motions for judgment on the pleadings.

## I.    BACKGROUND[2]

Sondesky was employed by Cherry Scaffolding as a bookkeeper from October 22, 2015 until March 7, 2016.  Sondesky's rate of pay on her last day of work was $28.85 per hour.  Sondesky asserts that she was a non-management employee and that her position was not exempt from any state or federal laws governing overtime pay.  At some point during her employment, Sondesky had a telephone conversation with Ellis, who serves as President and Treasurer of Cherry Scaffolding.  Sondesky informed Ellis that the office was in disarray and that she would need to be paid in full for all hours that she worked as the bookkeeper.  Ellis confirmed that he understood Sondesky's position.  Sondesky subsequently submitted all of her hours, including overtime, to payroll, and Cherry Scaffolding's management approved her compensation.

In early March of 2016, Cherry Scaffolding terminated Sondesky without a specific reason.  Following her termination, Cherry Scaffolding filed a lawsuit against Sondesky in Pennsylvania Magisterial District Court (the "State Court Action") seeking to recover overtime compensation from Sondesky.  On June 23, 2016, judgment in that suit was entered in Sondesky's favor.

In its Answer and Counterclaim, Cherry Scaffolding asserts that Sondesky had access to Cherry Scaffolding's bank accounts and withdrew $2,566.09 without justification.  Sondesky refused Cherry Scaffolding's demands to return the money.

---

[2] The facts are taken from Plaintiff's First Amended Complaint, Defendants' Answer and Counterclaim, and public records.  *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (stating that a court may "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" in deciding a motion to dismiss).

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted).

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment will only be granted where the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law." *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 259 (3d Cir. 2008). There is "no material difference in the applicable legal standards" for a motion for judgment on the pleadings under Rule 12(c) and a motion to dismiss under Rule 12(b)(6). *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

To survive dismissal, a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a

document integral to or explicitly relied upon in the complaint may be considered . . . ." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis omitted) (citations omitted) (internal quotation marks omitted). Thus, a court may "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). Further, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## III.  DISCUSSION

Defendants move to dismiss and move for judgment on the pleadings on all claims brought against them. I will deny both of Defendants' motions as to the FLSA claim (Count I) and the Dragonetti Act claim (Count III) because the facts alleged in the Amended Complaint raise a plausible right to relief.[3] I will dismiss the WPCL claim (Count II) and the abuse of process claim (Count IV) because Sondesky has failed to state a claim under both.

Plaintiff moves for judgment on the pleadings on Cherry Scaffolding's counterclaims, arguing the counter claims are barred by res judicata. I will deny Plaintiff's motion because, based on the limited record before me, it is insufficiently clear that Cherry Scaffolding's counterclaims were previously adjudicated on the merits.

### A.  Defendants' Motion to Dismiss & Motion for Judgment on the Pleadings

#### i.  Count I—FLSA

Defendants move to dismiss Sondesky's claim alleging retaliation in violation of the FLSA (Count I). To establish a *prima facie* case of retaliation, a plaintiff must demonstrate: "(1)

---

[3] Defendants' motion to dismiss and Defendants' motion for judgment on the pleadings are duplicative and assert virtually identical arguments. As already explained, the applicable standards for a motion to dismiss and a motion for judgment on the pleadings are the same. I will therefore resolve Defendants' two motions together.

protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007) (applying *McDonnell Douglas* framework to analogous provision of Pennsylvania law); *Cononie v. Allegheny Gen. Hosp.*, 29 F. App'x 94, 95 (3d Cir. 2002) (holding FLSA retaliation claims are analyzed under *McDonnell Douglass* framework).

Defendants argue that Sondesky's claim fails because she has not alleged that she engaged in a protected activity. Sondesky contends that her telephone conversation with Ellis—during which she demanded that she be compensated for all hours actually worked, including overtime—constitutes an oral complaint that is protected under the FLSA. "To fall within the scope of the [FLSA] antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection. This standard can be met, however, by oral complaints, as well as by written ones." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).

Based on the facts alleged in the Amended Complaint, Sondesky's telephone conversation with Ellis plausibly satisfies the standard set by the Supreme Court in *Kasten*. Sondesky asserts that she told Ellis that she would need to be paid for all hours actually worked, including overtime. Sondesky's right to overtime compensation is a right protected under the FLSA, and her demand to be paid any overtime compensation actually due is a clear assertion of that right.[4] *See* 29 U.S.C. § 207(a)(1). I will therefore deny Defendants' motion to dismiss and motion for judgment on the pleadings as to Count I.

---

[4] Because Sondesky's Amended Complaint asserts that she was a non-exempt employee, I assume, for purposes of a motion to dismiss, that she is entitled to the overtime protections of section 207.

5

ii. Count II—WPCL

Defendants move to dismiss Sondesky's claim alleging violation of the Pennsylvania WPCL (Count II). They argue that the WPCL does not include an anti-retaliation provision comparable to that found in the FLSA and that Sondesky has failed to allege any other facts that could give rise to a claim under the WPCL. This is correct. The WPCL includes a private right of action for an employee to recover unpaid wages and liquidated damages. 43 P.S. § 260.9a. The statute is silent about an employee's right to bring a claim for retaliation. Federal courts that have considered the issue have concluded that the WPCL does not include a cause of action for retaliatory termination. *See Donaldson v. Informatica Corp.*, 792 F. Supp.2d 850 (W.D. Pa. 2011) (predicting the Pennsylvania Supreme Court would not allow a cause of action for wrongful discharge based on the WPCL); *Pease v. Faro Techs.*, No. 15-CV-3586, 2016 WL 705240 (E.D. Pa. Feb. 22, 2016) (concluding the WPCL does not provide an exception to the strong presumption of at-will employment). I will therefore grant Defendants' motion to dismiss Count II of Sondesky's First Amended Complaint.[5]

iii. Count III—Dragonetti Act

Cherry Scaffolding moves to dismiss Sondesky's claim alleging wrongful use of civil proceedings in violation of Pennsylvania's Dragonetti Act (Count III). To prove a claim for wrongful use of civil proceedings, plaintiffs must show that "(1) the underlying proceedings were terminated in [plaintiffs'] favor; (2) defendants caused those proceedings to be instituted against plaintiffs without probable cause; and (3) the proceedings were instituted for an improper cause." *Sabella v. Estate of Milides*, 992 A.2d 180, 188 (Pa. Super. Ct. 2010).

Sondesky has unquestionably pled the first element; the parties do not dispute that Cherry

---

[5] I will deny as moot Defendants' motion for judgment on the pleadings as to Count II, given the entirely duplicative nature of this motion.

6

Scaffolding filed the State Court Action against Sondesky and that judgment was entered in Sondesky's favor.  Cherry Scaffolding argues, however, that Sondesky has not sufficiently pled the second and third elements of her claim.  Cherry Scaffolding asserts that the allegations in Sondesky's complaint "merely establish[] that Cherry Scaffolding brought the [State Court Action] to recover overtime that it believed should not have been paid to Plaintiff."  Defs.' Mot. Dismiss 6, ECF No. 15.  This argument ignores other portions of Sondesky's First Amended Complaint.  Sondesky explicitly alleges that the suit was brought as "an act of further retaliation for trying to be paid fair wages."  First Am. Compl. 4, ECF No. 12.  The complaint also alleges that, in bringing the state court suit, Cherry Scaffolding "acted in a grossly negligent manner or without probable cause" and brought the suit for an improper purpose.  *Id*. at 5.  An action brought solely for the purpose of retaliation could serve as the basis for a valid Dragonetti Act claim.  Thus Sondesky has sufficiently pled her claim for wrongful use of civil proceedings, and I will therefore deny Cherry Scaffolding's motion to dismiss and motion for judgment on the pleadings as to Count III.

      iv.  <u>Count IV—Abuse of Process</u>

Cherry Scaffolding moves to dismiss Sondesky's claim for common law abuse of process when it initiated the State Court Action (Count IV).  The elements of an abuse of process claim are: "(1) use [of] legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed, and (3) harm has been caused to the plaintiff."  *Lerner v. Lerner*, 954 A.2d 1229, 1238 (Pa. Super. Ct. 2008).  "The gist of an action for abuse of process is the improper use of process *after it has been issued* . . . ."  *Publix Drug Co. v. Breyer Ice Cream Co.*, 32 A.2d 413, 415 (Pa. 1943) (internal citations omitted).  Both the courts of Pennsylvania and the Court of Appeals for the Third Circuit have continued to recognize this requirement.

*See, e.g.*, *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 304-07 (3d Cir. 2003) (noting that "the test that courts should use in deciding what circumstances amount to an abuse of process has been clearly enunciated by the Supreme Court of Pennsylvania"); *McGee v. Feege*, 535 A.2d 1020, 1023 (Pa. 1987) (reaffirming *Publix*).

In her First Amended Complaint, Sondesky fails to include any facts involving conduct by the Defendants after the initiation of the state court suit. Sondesky urges this Court to "surmise . . . that the entire process was used in a way to intimidate" her. Pl.'s Rsp. Opp'n Defs.' Mot. Dismiss 7, ECF No. 19. The motion to dismiss standard does not allow for such generous supposition. Sondesky cannot maintain a claim for abuse of process when she has failed to allege any act by the Defendants after the process was initiated. I will therefore grant Defendants' motion to dismiss Count IV.[6]

### B. Plaintiff's Motion for Judgment on the Pleadings

Defendants assert counterclaims against Sondesky for conversion and breach of fiduciary duty. They allege that, during her employment, Sondesky misappropriated $2,566.09 from a bank account belonging to Cherry Scaffolding. Defs.' Answer & Affirmative Defenses 12-16, ECF No. 31. Sondesky has moved for judgment on the pleadings as to these counterclaims. She asserts that Defendants' counterclaims are, in fact, the same claims that Defendants brought against her in the State Court Action. Judgment in the State Court Action was entered in Sondesky's favor, and Sondesky argues that Defendants' counterclaims are therefore barred by res judicata.

"In order to raise successfully the defense of *res judicata,* the party asserting the defense must demonstrate that (1) there has been a final judgment on the merits in a prior suit; (2) the prior suit involves the same parties or their privies and (3) the subsequent suit is based on the

---

[6] I will deny as moot Defendants' duplicative motion for judgment on the pleadings as to Count IV.

same causes of action." *Purter v. Heckler*, 771 F.2d 682, 690 (3d Cir. 1985) (citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984)). Thus, a prior final judgment *on the merits* is an essential element of res judicata.

In the State Court Action, judgment was entered in Sondesky's favor on June 23, 2016. Pl.'s Mot. J. Pleadings Ex. 1 at 2, ECF No. 34. Based on the limited evidence available at this stage, however, it is unclear that this judgment was rendered on the merits. The limited record attached to Plaintiff's motion simply indicates that judgment was entered in favor of Sondesky—no reason or explanation is included. *Id.* In their response, Defendants characterize the state court judgment as resulting from a technical violation of Pa. R.C.P.D.J. No. 207. Defs.' Rsp. Opp. Pl.'s Mot. J. Pleadings 10, ECF No. 36. In Sondesky's reply brief she indicated that the prior judgment in her favor resulted from Cherry Scaffolding's failure to appear in Magisterial District Court. Pl.'s Reply Br. Supp. Mot. J. Pleadings 1, ECF No. 37. It is possible that the Magisterial District Court's judgment may have preclusive effect in this case, even if the judgment was entered solely on the basis of Cherry Scaffolding's failure to appear. *Cf., e.g.*, *Kuhnle v. Prudential Sec., Inc., et al.*, 439 F.3d 187, 189-91 (3d Cir. 2006) (finding claims barred by res judicata where start court had previously entered judgment of non pros). On such a limited record, however, I cannot reasonably conclude that there are clearly no material issues of fact in dispute. I will therefore deny Sondesky's motion for judgment on the pleadings as to Defendants' counterclaims, without prejudice to Sondesky to reassert her res judicata defense at a later stage of the litigation.

### IV.   CONCLUSION

I will grant Defendants' motion to dismiss Counts II and IV of Sondesky's First Amended Complaint and will deny Defendants' motion to dismiss Counts I and III of

Sondesky's First Amended Complaint. I will deny as moot Defendants' duplicative motion for judgment on the pleadings. I will deny Sondesky's motion for judgment on the pleadings, without prejudice to Sondesky to reassert the defense of res judicata following the close of discovery.

                                                                        s/Anita B. Brody

                                                         _____
                                                         ANITA B. BRODY, J.

Copies VIA ECF on _____ to:                         Copies MAILED on _____ to: